IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


JAMISON H. JOHNSON, #364279          *
                    Petitioner,
            v.                       *     CIVIL ACTION NO. JKB-16-436

WARDEN KEITH LYONS, *et al*.,        *
                    Respondents.
                                     *****

MEMORANDUM

Petitioner Jamison H. Johnson ("Johnson") seeks habeas corpus relief pursuant to 28 U.S.C. § 2254, attacking his 2010 convictions in the Circuit Court for Baltimore County. ECF No. 1. Respondents' limited answer to the petition and Johnson's reply remain pending. ECF Nos. 4 & 6. After review, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2014); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For reasons to follow, the petition shall be dismissed as time-barred.[1]

**Background and Procedural History**

On May 25, 2010, Johnson entered a guilty plea to one count of armed robbery in the Circuit Court for Baltimore County. All other charges were nolle prossed. ECF No. 4-1 at pp. 2-5. Respondents maintain that on July 30, 2010, Johnson was sentenced as a subsequent offender to serve 25 years in prison without parole. Johnson's appeal was summarily denied by the

---

[1]     On April 4, 2016, the court received Johnson's motion to amend and/or to supplement his petition to include additional claims regarding defense counsel and trial court failure to adequately advise petitioner of the direct consequences of the plea and defense counsel's ineffective assistance in failing to seek a medical professional to evaluate whether petitioner had any psychiatric problems affecting his understanding of the proceedings. ECF No. 5 at pp. 4-5. Because the petition will be dismissed as time-barred, Johnson's motion to amend and/or supplement his petition will be found moot.

Maryland Court of Special Appeals on March 29, 2012.  ECF No. 4-2.  Therefore, his judgment

of conviction became final on June 27, 2012, when the 90-day period for filing a petition for writ

of certiorari with the Supreme Court expired.  *See* Sup. Ct. R. 13.1 (requiring petition for writ of

certiorari to be filed within ninety days of date of judgment from which review is sought); *Clay*

*v. United States,* 537 U.S. 522, 525 (2003) (state judgment becomes final for habeas purposes

when the time expires for filing a petition for writ of certiorari to the Supreme Court or ninety

days following the decision of the state's highest court).

Respondents observe that Johnson filed a timely motion for modification of sentence and

application for a three-judge panel review.  ECF No. 4-1.  According to respondents, Johnson's

motion was denied on November 17, 2010, and his application was denied on April 24, 2013.  *Id*.

On May 16, 2014, Johnson filed a petition for post-conviction relief.  The petition was

denied by the Circuit County for Baltimore County on April 6, 2015.  Johnson's application for

leave to appeal the denial of his post-conviction petition was summarily denied by the Maryland

Court of Special Appeals on August 24, 2015.  ECF No. 4-3.  This 28 U.S.C. § 2254 petition was

received for filing on February 10, 2016.[2]

## Statute of Limitations

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), when filing a

federal habeas corpus petition pursuant to 28 U.S.C. § 2254, defendants convicted in state court

on a non-capital offense are subject to a one-year statute of limitations.  *See* 28 U.S.C.

---

[2]      The Maryland Division of Correction does not date stamp outgoing prisoner mail "received by prison mailroom."  The petition is dated February 10, 2016, and shall be deemed filed as of that date.  *See Houston v. Lack*, 487 U.S. 266, 270-76 (1988); *United States v. McNeill*, 523 F. App'x 979, 983 (4th Cir. 2013); *United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule.)

§ 2244(d).[3]  Johnson's conviction became final for purposes of direct appeal in June of 2012 and,

under a generous construction, he is entitled to statutory tolling of the one-year limitation period

until April 24, 2013, when his application for panel review became final.  He therefore had one

year from April 25, 2013, to file his petition in this court.  The one-year period would be

statutorily tolled commencing on May 16, 2014, upon Johnson's filing of his post-conviction

petition, but a total of 387 days had already run in the interim period when no collateral review

was pending.  Upon the conclusion of the post-conviction process in 2015, another 140 days

---

[3]      This section provides:

(1)      A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

(A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)      the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

lapsed until this petition was filed.  Thus, a total of 527 days expired prior to the filing of this petition, which was submitted outside the one-year statute of limitations period.

In his reply, Johnson states that he filed his application for review by a three-judge panel on August 24, 2010, and it was held pending review for approximately 965 days, until April of 2013.  He argues that under Maryland law a decision by the sentencing review panel is appealable and, under *Clay v. United States*, 537 U.S. 522 (2003), the one-year period should be statutorily tolled for another 90 days (until July 19, 2013) in which a petition for writ of certiorari could be filed in the U.S. Supreme Court.  ECF No. 6.  He further contends that attention should be given to his mental health and "abnormality" as it constitutes an "extraordinary circumstance" warranting equitable tolling.  *Id*. at pp. 5-7.

This court has credited as tolled the lengthy period during which Johnson's motion for three-judge panel review remained pending.  Johnson's argument for further statutory tolling is not persuasive and misconstrues the *Clay* opinion.  He seeks to toll the 90-day period following the denial of his motion for review by a three-judge panel in April of 2013.  The motion in question, unlike the direct appeal involved in *Clay*, does not provide an on-the-merits review of Johnson's conviction.  This court knows of no instance when *Clay* has been applied to a motion for review by a three-judge panel.[4]  Such motions involve a request for leniency and do not raise cognizable federal claims requiring exhaustion.  *See Tasker v. State*, Civil Action No. AW-11-1869 (D. Md. Jan. 31, 2013), *aff'd* 517 F. App'x 172 (4th Cir. 2013).

Further, Johnson's argument for equitable tolling is without merit.  It is true that under certain circumstances the AEDPA's statute of limitations may be subject to equitable tolling.  *See, e.g.*, *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *United States v. Prescott*, 221

---

[4]    Moreover, even were the court to toll the 90-day period, Johnson's filing would remain time-barred.

F.3d 686, 687-88 (4th Cir. 2000); *see also Wall v. Kholi,* 131 S. Ct. 1278, 1283 (2011). The Fourth Circuit has consistently held that a party seeking to avail himself of equitable tolling must show that (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) prevented him from filing on time. *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (en banc).   Additionally, the movant must show that he employed reasonable diligence in investigating and bringing his claims.   Further, to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).   A petitioner's health condition acts to toll the limitations period only if the condition "in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Miller v. Runyon,* 77 F.3d 189, 191 (7th Cir. 1996).   In order to overcome the limitations barrier, a petitioner must show that his health condition is profound, *United States v. Sosa,* 364 F.3d 507, 513 (4th Cir 2004) (citing *Grant v. McDonnell Douglas Corp.,* 163 F.3d 1136, 1138 (9th Cir. 1998)), and that it rendered him incapable of filing a habeas application before the limitations period expired. *Allen v. Lewis,* 255 F.3d 798 (9th Cir. 2001) (prisoner must show that the extraordinary circumstances relied upon were the proximate cause of his petition's untimeliness); *Rhodes v. Senkowski,* 82 F. Supp. 2d 160, 169-70 (S.D.N.Y. 2000) (prisoner must show that medical condition rendered him unable to pursue his rights during relevant time period); *see also Langley v. Director*, No. 2:09cv436, 2010 WL 2483876, *7 (E.D. Va. 2010) (court must consider whether petitioner was declared incompetent or was able to pursue legal action during time of his alleged incapacity, and whether the severity of symptoms and response to treatment evince an inability to timely file a habeas corpus petition).

Johnson's equitable tolling argument based on mental health issues fails.  He offers no specifics as to what, if any, mental health disorders he suffered from and how they prevented him from pursuing a timely federal habeas petition, as required for equitable tolling.  *See Pace*, 544 U.S. at 418.  Indeed, the state court records shows that he was able to file various motions and petitions in the state court over the past six years.  He has failed to demonstrate any ground on which equitable tolling applies.  Johnson's petition for habeas corpus relief is time-barred under 28 U.S.C. § 2244(d)(1)(A-D) and shall be dismissed and denied with prejudice.

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.  Johnson does not satisfy this standard, and the court declines to issue a certificate of appealability.

A separate Order follows.


Date: May 26, 2016                    _____/s/_____
                                       James K. Bredar
                                       United States District Judge